UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| DEANNA COOPER,<br><br>    *Plaintiff*,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY<br>OF AMERICA and UNUM GROUP<br>CORPORATION,<br><br>    *Defendants*. | Case No. 1:09-cv-241<br><br>Judge Mattice |

## **MEMORANDUM AND ORDER**

Plaintiff Deanna Cooper brought this action against Defendants Unum Life Insurance Company of America and Unum Group Corporation ("Defendants") and alleged a cause of action under 29 U.S.C. § 1132(a)(1)(B). [Court Doc. 1, Compl.] The Complaint seeks judicial review of a denial of benefits for accidental death and dismemberment (AD&D) following the death of Plaintiff's husband, William Cooper, on August 21, 2008.

Before the Court are Plaintiff's Motion for Judgment on the Pleadings [Court Doc. 13] and Defendants' Motion for Judgment on the Pleadings [Court Doc. 15]. Pursuant to 28 U.S.C. § 636(b)(1), the Court referred this matter to United States Magistrate Judge William B. Mitchell Carter for a Report and Recommendation ("R&R") on the above motions. Magistrate Judge Carter entered his R&R [Court Doc. 22] on November 16, 2010. Magistrate Judge Carter recommended that Plaintiff's Motion for Judgment on the Pleadings be denied and that Defendants' Motion for Judgment on the Pleadings be granted. Plaintiff filed a timely objection, to which Defendants responded and Plaintiff replied. [Court Docs. 23-25.]

For the reasons stated below, the Court **OVERRULES** Plaintiff's objections and **ACCEPTS AND ADOPTS** Magistrate Judge Carter's Report and Recommendation.

**I.     STANDARD OF REVIEW**

The Court must conduct a *de novo* review of those portions of the R&R to which an objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).  For those portions of the R&R to which objections have been filed, the Court will directly review the decision-making process underlying the Defendants' denial of benefits.

A claim under 29 U.S.C. § 1132(a)(1)(B) for denial benefits is to be reviewed "under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  If the administrator or fiduciary is afforded discretion by the plan, the decision is reviewed under the arbitrary and capricious standard. *Evans v. Unum Provident Corp.*, 434 F.3d 866, 875 (6th Cir. 2006). The Plan documents do not grant the administrator discretion, and the Court's review is therefore *de novo*.

Under 29 U.S.C. §1132(a)(1)(B), a court's review is limited to the administrative record as it existed when the plan administrator made its final decision. *Moon v. Unum Provident Corp.*, 405 F.3d 373, 378-79 (6th Cir. 2005).  The Court is tasked with determining whether the administrator made the correct decision. *Perry v. Simplicity Eng'g, a Div. of Lukens Gen. Indus., Inc.*, 900 F.2d 963, 966 (6th Cir. 1990).

## II.   FACTS

The report and recommendation outlined the applicable facts at length.  The parties have not objected to the facts statement contained in Magistrate Judge Carter's R&R.  The Court finds no error in Magistrate Judge Carter's findings of fact.  Accordingly, the Court hereby **ADOPTS BY REFERENCE** the entire "Background" section of the R&R. (Court Doc. 22, R&R at 2-9.)

## III.   ANALYSIS

Plaintiff asserts three objections.  First, Plaintiff argues that benefits under an AD&D policy can only be denied when the disease "substantially contributed to the loss" and that Mr. Cooper's cirrhosis was not a substantially contributing factor to his death.  (Court Doc. 23, Pl.'s Objs. at 4.)  Plaintiff claims that the relationship between Mr. Cooper's death and his cirrhosis is of undetermined degree because there was no evidence that Mr. Cooper ever suffered from a bleeding disorder due to cirrhosis.  (*Id.* at 6.)  Allowing for the denial of benefits to be premised on such a tenuous relationship, Plaintiff argues, is contrary to the principles outlined in *Adkins v. Reliance Standard Life Ins. Co.*, 917 F.2d 794 (4th Cir. 1990) and adopted by the United States Court of Appeals for the Sixth Circuit in *Tolley v. Commercial Life Ins. Co.*, 14 F.3d 602 (Table), 1993 WL 524284, at *3 (6th Cir. Dec. 17, 1993).  (*Id.* at 5-7.)

Defendants respond by arguing that Plaintiff's reliance on the "substantially contributed to the loss" standard in *Adkins* is not appropriate because the policy provision at issue in this case does not embody that standard, and instead reads that Defendants will not pay any claim "for loss that is caused by, **contributed to by**, or resulting from:

disease of the body, bodily or mental infirmity..." (Administrative Record ("AR") at 32-33.) (Court Doc. 24, Defs.' Resp. at 2.)

Magistrate Judge Carter did not resolve this dispute because Dr. Deering and Dr. Sweeney both indicated that Mr. Cooper's cirrhosis was a "significant" contributing cause of death. (AR at 102, 738.) Magistrate Judge Carter found that even if Plaintiff were correct in arguing that the disease had to "substantially" contribute to Mr. Cooper's death, there was no material difference between "significant" and "substantially," and Defendants' denial of benefits was proper under either the plain policy language or this higher standard. (R&R at 21-22.)

The Court agrees that there is no need to resolve this argument. Although Plaintiff argues that the relationship between Mr. Cooper's cirrhosis and his death is one of "undetermined degree," the uncontroverted evidence in the record establishes that this was not the case and that cirrhosis contributed to Mr. Cooper's death in a significant way. Dr. Deering, who performed the medical autopsy, concluded that the cause of death was "[i]ntra-abdominal hemorrhage due to blunt trauma injuries to the torso" with cirrhosis listed as a contributory cause of death. (AR at 159.) Cirrhosis of the liver was listed on Mr. Cooper's death certificate as a significant condition contributing to his death. (*Id.* at 102.) Medical consultant Dr. Sweeney concluded that "[c]oagulopathy (an abnormal bleeding tendency) due to chronic hepatitis C and cirrhosis, and thrombocytopenia (low platelets, which cause abnormal bleeding) due to hypersplenism resulting from portal hypertension due to cirrhosis, which is a disease of the body, *significantly contributed to* Mr. Cooper's terminal intra-abdominal hemorrhage from an unidentifiable source. . . ." (*Id.* at 738.) In

his letter to Plaintiff regarding this very insurance claim, Dr. Deering wrote that cirrhosis was "very relevant" and "definitely, in my opinion, a contributing factor to the amount of blood that was found. . . . I do not feel that I can leave off the cirrhosis of the liver as if it had nothing to do with the cause of death." (*Id.* at 817.) The Court is not convinced that *Adkins* and *Tolley* stand for the proposition advanced by Plaintiff and can be generally applied to cases involving this exclusionary provision but, in this case, there is no need for the Court to resolve that question.

Plaintiff argues in her second objection that Magistrate Judge Carter improperly placed the burden on Plaintiff to establish that Mr. Cooper's cirrhosis had nothing to do with his death, when the burden is on Defendants to prove that the policy exclusion at issue applies to this case. (Pl.'s Objs. at 7.) Plaintiff asserts that Magistrate Judge Carter's reliance on the opinions of Dr. Sweeney and Dr. Deering does not provide the Court with enough evidence to determine that Defendants have met the burden of proof because these opinions are not based on evidence pertinent to Mr. Cooper and instead are based on generalizations about what usually happens with cirrhosis. (*Id.* at 8-9.) Plaintiff claims that Defendants must establish proof that Mr. Cooper had a bleeding disorder to meet their burden of proof that Mr. Cooper's cirrhosis contributed to his death. (*Id.* at 9-11.)

Defendants assert that Plaintiff bears the burden of establishing that Mr. Cooper's death was caused solely by an accident and not related in any way to his cirrhosis, and that Plaintiff failed to meet this burden. (Defs.' Resp. at 2-3.) Defendants contend that they have met their burden of proof with respect to evidence showing that Mr. Cooper's cirrhosis caused or contributed to his death. (*Id.* at 4.) Defendants point out that the medical evidence and the opinions of Dr. Sweeney and Dr. Deering support this

conclusion, and claim that the denial of benefits pursuant to this type of exclusion for a death caused by both an accident and a pre-existing disease is well-supported in case law. (*Id.* at 4-5.) Defendants take issue with Plaintiff's characterization of Dr. Deering's statements, and assert that Dr. Deering's letter in fact makes it clear that cirrhosis contributed to his death. (*Id.* at 5-6.) Defendants note that Dr. Sweeney reached the same conclusion and his opinion was not, as Plaintiff alleges, conclusory. (*Id.* at 6.)

In his R&R, Magistrate Judge Carter stated that pursuant to the provisions of the Plan, Defendants had the burden to establish that other medical conditions contributed to Mr. Cooper's death; however, once Defendants had satisfied that burden, the Plan language gave Plaintiff the burden of proving that Mr. Cooper's death was solely accidental and that there was no other independent cause. (R&R at 14.) Magistrate Judge Carter further found that Defendants offered medical evidence that cirrhosis contributed to Mr. Cooper's death and that his death was, therefore, not solely caused by the accidental fall. (*Id.* at 15.) Defendants therefore met their burden, but Plaintiff did not meet her burden because she failed to provide medical evidence to establish that Mr. Cooper's internal bleeding and subsequent death would have occurred solely from his fall, without regard to his cirrhosis. (*Id.*) Magistrate Judge Carter concluded that the entirety of the medical evidence in the record supported Defendants' contention that cirrhosis contributed to Mr. Cooper's death, and Plaintiff's position that his death was solely caused by an accident was not supported by the record. (*Id.* at 15-16.)

The Court agrees that Defendants met their burden of proof to establish that Mr. Cooper's cirrhosis was a contributing cause of his death. The Court finds that Plaintiff's

argument that the medical evidence provided only speaks in general terms about what typically happens is misplaced. The opinions of Dr. Deering and Dr. Sweeney make clear that they applied their medical knowledge about cirrhosis and coagulopathy to Mr. Cooper's specific circumstances and did not simply make conclusory statements about cirrhosis in the absence of sufficient evidence. It is clear from the record that Mr. Cooper had been diagnosed with cirrhosis, and the amount of blood in his abdomen could not be attributed to his fall or rib fractures that resulted from the fall, as Dr. Deering found no lacerations to account for the bleeding. (AR at 143, 146, 158, 161-163.)

Although Plaintiff argues that Mr. Cooper was not diagnosed with any bleeding disorder, this is not dispositive as to whether cirrhosis played a significant role in his death. Dr. Deering, who performed the autopsy on Mr. Cooper, was able to determine that cirrhosis was a cause without any apparent knowledge of Mr. Cooper's medical history beyond his admission to the hospital after the fall. (*Id.* at 158-163.) In his letter to Plaintiff, Dr. Deering attempts to explain how cirrhosis can cause bruises and increased bleeding, but this does not mean that Mr. Cooper had to have a bleeding disorder (or prior instances of bleeding) for cirrhosis to contribute to his death. (*Id.* at 817.) In her review of Mr. Cooper's file, Dr. Sweeney indicated that there were no records of coagulation studies on Mr. Cooper, but stated that "coagulopathy due to significant liver dysfunction is very common" and listed her findings to support Mr. Cooper's liver dysfunction. (*Id.* at 737.) Dr. Sweeney then concluded that the internal bleeding was caused by cirrhosis, which is consistent with Dr. Deering's findings. (*Id.* at 738.) The Court does not find these opinions to be conclusory or generalized and instead finds them to be specific to Mr. Cooper.

The Court further finds that Magistrate Judge Carter properly allocated the burden of proof requirements in this case and properly relied upon the medical opinions of Dr. Deering and Dr. Sweeney, which clearly established that cirrhosis contributed to Mr. Cooper's death. By producing this medical evidence, Defendants were able to meet their burden of proof as to the applicability of the exclusionary policy provision. Plaintiff was then tasked with the burden of establishing that Mr. Cooper's death was solely a result of his accidental fall or independent of any other cause. The Court finds that Plaintiff did not proffer any medical evidence to meet this burden of proof. The Court concludes that Magistrate Judge Carter was correct in finding that Plaintiff's claim of a solely accidental death was not supported by the medical record. Defendants were not then, as Plaintiff suggests, required to prove that Mr. Cooper suffered from a bleeding disorder to support their denial of the claim on this basis – they had already satisfied their burden of proof and the denial of the claim was supported by the record.

Plaintiff's last objection concerns Magistrate Judge Carter's reliance on the case *Ann Arbor v. Canada Life Assurance Co.*, 810 F.2d 591 (6th Cir. 1987), which Plaintiff argues is distinguishable on the facts. (Pl.'s Objs. at 12.) Plaintiff contends that *Ann Arbor* involved a clear relationship between an accidental fall and cirrhosis as the cause of death, while the relationship in this case is far less clear, substantiated by conclusory opinions, and lacking evidence to support Defendants' position. (*Id.* at 13-15.)

Defendants argue that *Ann Arbor* confirms the standard for determining the application of the "caused by" or "contributed to" exclusionary language and it cannot be distinguished from the instant case. (Defs.' Resp. at 7-8.) Defendants claim that the

conclusion in *Ann Arbor* mandates the result reached by Magistrate Judge Carter so long as Mr. Cooper's cirrhosis contributed to his death "at least directly or in part." (*Id.*)

In the R&R, Magistrate Judge Carter quoted from *Ann Arbor* for the proposition that "the inquiry is properly limited to determining if the accident alone was sufficient to cause death directly and independently of disease; **an exclusionary clause therefore precludes recovery where death results from a pre-existing disease <u>or from a combination of accident and pre-existing disease</u>**." (R&R at 19; quoting *Ann Arbor*, 810 F.2d at 593 (emphasis in R&R.)) Magistrate Judge Carter concluded that Plaintiff's claim was excluded under the policy because *Ann Arbor* and other cases made clear that the policy exclusion is applicable when an underlying illness contributed to death. (R&R at 20-21.)

Plaintiff asserts that in *Ann Arbor*, two physicians testified that "but for" the decedent's cirrhosis, he would not have had internal bleeding from his fall. (Pl.'s Objs. at 14-15.) Plaintiff argues that Defendants need similar medical proof in the instant case. (*Id.*) In *Ann Arbor*, however, those physicians were witnesses for the *plaintiff estate*. There is no indication in *Ann Arbor* that "but for" testimony would be necessary from the *defendants* to establish a contributing cause of death pursuant to the provision applicable in that case. Instead, the *Ann Arbor* court noted that based on the testimony of the plaintiff's witnesses, no one could have concluded that the decedent's cirrhosis did not contribute to his death, and the defendants were entitled to judgment as a matter of law. *Ann Arbor*, 810 F.2d at 593-94. The Court does not view *Ann Arbor*, therefore, as imposing a special requirement on the type of evidence Defendants must advance to meet their burden. The Court finds that the evidence provided by Defendants is sufficient to

meet their burden under the stated terms of the policy, which require only that a disease of the body "*contribute to*" the death. Defendants have produced medical evidence that Mr. Cooper's death was caused by a combination of his fall and cirrhosis, a disease of the body, such that cirrhosis contributed to his death. The Court can identify no other burden of proof or evidentiary hurdle Defendants must traverse to support their denial of benefits.

Accordingly, after *de novo* review of Plaintiff's objections, the applicable policy language, and the administrative record, the Court concludes that Defendants correctly decided to deny Plaintiff's claim for benefits, and this decision was supported by the record.

## IV. CONCLUSION

Based on the above, the Court **ORDERS** the following:

- Magistrate Judge Carter's Report and Recommendation [Court Doc. 22] is **ACCEPTED AND ADOPTED** in its entirety;
- Plaintiff's Objections [Court Doc. 23] to Magistrate Judge Carter's Report and Recommendation are **OVERRULED**;
- Plaintiff's Motion for Judgment on the Pleadings [Court Doc. 13] is **DENIED**;
- Defendants' Motion for Judgment on the Pleadings [Court Doc. 15] is **GRANTED**; and
- Defendants' decision to deny Plaintiff accidental death benefits is **AFFIRMED**.

A separate Judgment will enter.

**SO ORDERED** this 17th day of February, 2011.


                                            */s/Harry S. Mattice, Jr.*
                                            HARRY S. MATTICE, JR.
                                            UNITED STATES DISTRICT JUDGE